IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH A. DOOLEY,

    Plaintiff,                             16cv0402
                                          ELECTRONICALLY FILED

    v.

US Steel Workers of America PIUMPF,

    Defendant.

**<u>Memorandum Opinion</u>**

## I.    Introduction

Plaintiff Deborah A. Dooley ("Plaintiff") initiated this action seeking payment of pension benefits from the Defendant PACE Industry Union-Management Pension Fund ("Defendant" or "the Fund") pursuant to Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a). Currently pending before this Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6). Doc. No. 30. Plaintiff has filed a Response thereto (Doc. No. 36), and Defendant has filed a Reply (Doc. No. 37). This matter is ripe for review.

## II.    Facts

The following factual recitation is compiled from Plaintiff's Complaint (Doc. No. 10), the exhibits attached thereto, and various other documents explicitly referenced and relied upon in the Complaint.[1] Plaintiff initially commenced employment with Mylan Pharmaceutical

---

[1] In resolving a motion to dismiss, a Court may consider "the complaint, attached exhibits, matters of public record, and undisputedly authentic documents not attached to the complaint if the complainant's claims are based on those documents." *Arndt v. Rexnord Non-Union Pension Plan*, 2013 WL 5230747, at *2 (W.D. Pa. Sep. 17, 2013). Plaintiff's actual Complaint contains only a single allegation: "Filed for Pension 08/07/2013 Contempt in a 2005 Enforce The Settlement Agreement Order. 04 cv 0612. Refuse to

1

("Mylan") on March 25, 2002. ECF No. 30-2 at Ex. 3. Mylan is a participating employer in the Fund. ECF No. 30-2 at Ex. 2. As such, Mylan's employees may be entitled to benefits from the PACE Industry Union-Management Pension Plan ("the Plan"). *Id*. Article IV, Section 9 of the Plan provides that a participant may be entitled to an early pension benefit so long as they have accrued "at least 10 years of Pension Credit or Vesting Service." *Id*.

At some point shortly after her hire, Plaintiff was apparently terminated under circumstances that caused her to file a wrongful termination lawsuit against Mylan. *Id*. That lawsuit was resolved in 2005 by way of a Confidential Settlement and Release Agreement ("Settlement Agreement") that reinstated Plaintiff's employment with Mylan and granted her "unbroken seniority" dating back to her initial hire date of March 25, 2002. *Id*. The Settlement Agreement also awarded Plaintiff a lump sum of $43,000, of which $25,000 was payable directly to Plaintiff "for emotional distress." *Id*. The remaining $18,000 was paid directly to her attorney. *Id*.

Plaintiff recommenced her employment with Mylan on September 26, 2005. ECF No. 30-2 at Ex. 2. Her employment terminated on August 7, 2013. Doc. 13-1 at 1. She subsequently filed an application for pension benefits with the Fund. *Id*. As of the date of her application, Plaintiff had attained 60 years of age and, according to the Fund, had accumulated 6.5 years of Pension Credits and 6 years of Vesting Service. *Id*.; *see also* Doc. 13-1.

On July 3, 2014, the Fund denied her application for benefits. ECF No. 30-2 at Ex. 2. The Fund's denial letter explained that Plaintiff had not accrued at least ten years of Pension

---

honor the Court Order Signed by Judge Arthur Schwarb August 24, 2005 by Denying Pension Benefits." ECF No. 13 at ¶ IV. She has supplemented this lone allegation with 32 pages of exhibits. In addition, Defendant has submitted three of the documents explicitly relied upon in the Complaint: the applicable Pension Plan document, Plaintiff's denial of benefits letter, and the 2005 Settlement Agreement. The Court may rely upon each of these undisputedly authentic documents in resolving this motion. *Arndt*, 2013 WL 5230747, at *2.

Credit or Vesting Service, as required by Article IV, Section 9 of the Plan. *Id*. The Fund calculated her Pension Credits and Vesting Service based on a hire date of September 26, 2005. *Id*. The denial letter instructed Plaintiff of her right to appeal to the Fund's Board of Trustees and enclosed a copy of the Fund's appeal procedures. *Id*. Those procedures required Plaintiff to file a written request for review within 60 days of the initial denial if she wished to challenge the Fund's determination. *Id*. She was also advised that exhausting her administrative remedies was a prerequisite to filing a federal lawsuit under ERISA. *Id*.

On January 20, 2016 – over one year after receiving her denial letter – Plaintiff sent an email to the Fund challenging her denial of benefits on the basis of the 2005 Settlement Agreement with Mylan. Doc. 13-1 at 14. Plaintiff argued that her Pension Credits and Vesting Service should have been calculated "starting from March 2002" because the Settlement Agreement restored her seniority dating back to that date. *Id*. She initiated the instant lawsuit shortly thereafter. ECF No. 1.

**III. Standard of Review**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit

3

explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler*, 578 F.3d at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**IV. Discussion**

As noted above, the Fund denied Plaintiff's application for benefits because she had not accumulated sufficient Pension Credits or Vesting Service to be entitled to an early retirement benefit under the terms of the Plan. Plaintiff contends that the 2005 Settlement Agreement required the Fund to credit her with service time dating back to March 26, 2002, when she was first hired, rather than September 26, 2005, when her position was restored. If Plaintiff's interpretation of the Settlement Agreement is correct, it would provide her with over ten years of Vesting Service and potentially entitle her to an immediate early retirement benefit.

As an initial matter, the Court observes that Plaintiff failed to exhaust her administrative remedies prior to filing this action. It is axiomatic that "a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (internal citations omitted). The exhaustion requirement is "strictly enforced," and may be excused only where the Plaintiff can demonstrate that exhaustion would be futile. *Harding v. Provident Life & Accident Ins. Co.*, 809 F.Supp.2d 403, 420 (W.D. Pa. 2011) (internal citation and quotations marks omitted).

In the instant case, the Plan requires a participant seeking to challenge an adverse benefits determination to appeal that determination, in writing, within 60 days of the denial. Rather than initiate a timely appeal, Plaintiff allowed approximately eighteen months to elapse before emailing a claims processor to challenge the Fund's denial of benefits. Plaintiff does not argue, nor does the record suggest, that she took any other steps to exhaust her administrative remedies or that doing so would have been futile. *See*, *e.g.*, *Harding*, 809 F.Supp.2d at 421 (noting that language in a denial letter informing a participant of their right to appeal "clearly indicate[s] that

resorting to those administrative remedies would not have been futile"). As such, dismissal on this basis is warranted.

Secondly, Plaintiff's claim fails because she cannot establish that she is entitled to the benefits she is seeking. Plaintiff readily acknowledges that the sole basis for her position is the Settlement Agreement she entered into with Mylan in 2005. *See* ECF No. 35, 36. That agreement obligated Mylan to "reinstate [Plaintiff] to employment with Mylan Pharmaceuticals, Inc. in her former position of Tablet Inspector . . . accompanied by unbroken seniority, including the satisfaction of her probationary period, from the date of [Plaintiff's] initial hire on March 25, 2002." ECF No. 3-2 at Ex. 3. Mylan also agreed to "pay to [Plaintiff] the sum of Forty-Three Thousand ($43,000.00) Dollars . . . [to] be distributed in two (2) separate checks as follows: (a) Twenty-Five Thousand ($25,000.00) Dollars . . . payable to "Deborah Dooley" **for emotional distress**, and (b) Eighteen Thousand ($18,000.00) Dollars" payable to her counsel in that action. *Id.* (emphasis in original). Critically, the Settlement Agreement does not mention Pension Credits or Vesting Service or contain any terms or conditions addressing pension benefits. *Id.*

ERISA regulations govern whether hours of service may be accumulated by an employee who does not perform any work duties for a period of time, such as where the employee's position is reinstated by a settlement agreement or court award. *See Wilson v. Nabisco, Inc.*, 2002 WL 32351159, at *5-6 (E.D. Pa. Apr. 2, 2002) (noting that ERISA regulations "prescribe methods for determining 'hours of service' for periods when an employer performs no duties"), *rev'd on other grounds*, 82 F. App'x 282 (3d Cir. 2003). Pursuant to 29 C.F.R. § 2530.200b-2, an employee claiming creditable hours of service "for reasons other than performance of duties" may only claim hours of service commensurate with the back pay or lost wages that she receives as the result of a court award or settlement agreement. 29 C.F.R. § 2530.200b-2(a)(3) ("An hour

of service is each hour for which back pay . . . is either awarded or agreed to by the employer."); 29 C.F.R. § 2530.200b-2(b) (prescribing that hours of service awarded "for reasons other than the performance of duties" are calculated based on lost wages or back pay). *See also Wilson*, 2002 WL 32351159, at *6 (noting that the critical question for a group of plaintiffs seeking pension service time after receiving a settlement award from their employer was whether the funds were awarded for "back pay").

The funds awarded to Plaintiff in the 2005 Settlement Agreement were explicitly characterized as a payment "for emotional stress" rather than back pay or lost wages. ECF No. 3-2 at Ex. 3. Thus, because the Settlement Agreement provided Plaintiff with no back pay, she is not entitled to claim any additional hours of creditable service based on that settlement. *See* 29 C.F.R. § 2530.200b-2(a)(3), (b). In the absence of any additional credited hours of service, her claim for benefits must fail. Moreover, because Plaintiff's claims are based entirely on the language of the Settlement Agreement, any attempt at amendment would be futile.

For the foregoing reasons, the Court will GRANT Defendant's Motion to Dismiss (Doc. No. 30) with prejudice. An appropriate Order follows.

**SO ORDERED** this 24th day of August, 2016.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ecf-registered counsel of record

Deborah A. Dooley
314 Spring St. Ext.
Fairmont, WV 26554